UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANIKA JOSEPH,

                              Plaintiff,

            -against-

ALISON BAKER; JOHN WAGNER,

                              Defendants.

24-CV-3365 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Shanika Joseph, a Bronx resident, is appearing *pro se.* She brings this action under the Court's federal question jurisdiction, alleging that Defendants violated her rights under the Health Insurance Portability and Accountability Act (HIPAA). By order dated May 6, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co*., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, a veteran who works at the Veterans Administration Hospital in the Bronx, filed this complaint against Alison Baker and Jack Wagner, who apparently also work at the Bronx VA Hospital. Baker is a "su[i]cide coordinator, and Wagner has some affiliation with an entity called "UBA Houston" in Manhattan. (ECF 1 ¶ II.B.) Plaintiff alleges that Defendants went "into [her] veteran's medical record . . . over 34 times," and that there were "no notes" about these incidents because Plaintiff is not a "patient" of either Defendant. (*Id.* ¶ III.) According to Plaintiff, "management . . . cover[ed up]" what Baker and Wagner did, and "us[ed Plaintiff's] PTSD from the military and are gaslighting [her] to get her upset and fire [her]." (*Id.*) Ursula Jones, a "privacy officer," tried "to intimidate" Plaintiff to make her "accept a negative screening," to

justify the fact that Baker "went into" Plaintiff's "chart." (*Id.*) Plaintiff states that the Bronx VA

Hospital is "corrupt and trying to silence" her. (*Id.*) As a result of these events, Plaintiff "had to

go to therapy," and she seeks $500,000 in damages and to have Defendants fired. (*Id.* ¶ VI.)

## DISCUSSION

### A.    Claim under the Health Insurance Portability and Accountability Act

Plaintiff invokes the Health Insurance Portability and Accountability Act (HIPAA) and

asserts that Defendants improperly accessed her medical records. The Second Circuit has

explained, however, that HIPAA does not authorize an individual to bring a claim based on such

allegations:

> HIPAA prohibits the disclosure of medical records without a patient's consent. *See*
> 42 U.S.C. §§ 1320d-1 to 1320d-7. But the statute does not expressly create a
> private cause of action for individuals to enforce this prohibition. Instead, HIPAA
> provides for penalties to be imposed by the Secretary of the Department of Health
> and Human Services. *Id.* § 1320d-5(a)(1). Nor does the statute imply a private
> cause of action. *See Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017). By delegating
> enforcement authority to the Secretary of the Department of Health and Human
> Services, the statute clearly reflects that Congress did not intend for HIPAA to
> create a private remedy.

*See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020).

In short, there is no private right of action enabling an individual to bring suit under

HIPAA. Plaintiff's allegation that Defendants violated the HIPAA statute thus does not state a

claim upon which relief can be granted under federal law.[1]

### B.    State-law claims

A district court may decline to exercise supplemental jurisdiction over state law claims

when it " has dismissed all claims over which it has original jurisdiction." 28 U.S.C.

---

[1] Although a federal law protects individuals' private medical information, there is no
ability to sue in federal court for violations. Instead, individuals may be able to take action under
state law. The dismissal of Plaintiff's HIPAA claim is without prejudice to any action that she
may pursue in state court.

§ 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because Plaintiff has an opportunity to replead her claims in an amended complaint, the Court will decide at a later stage whether to exercise supplemental jurisdiction of any state law claims Plaintiff may seek to assert. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when she seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    August 19, 2024
          New York, New York

                                    /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____        ____ Civ. _____ ( ____ )
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*        **AMENDED**
                                                                          **COMPLAINT**

                    -against-

_____        Jury Trial:   ☐ Yes      ☐ No
_____                         (check one)
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*


**I.      Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your
        identification number and the name and address of your current place of confinement. Do the same
        for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff       Name _____
                Street Address _____
                County, City _____
                State & Zip Code _____
                Telephone Number _____

B.      List all defendants. You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual. Include the address where
        each defendant may be served. Make sure that the defendant(s) listed below are identical to those
        contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                    1

Defendant No. 1    Name _____

                   Street Address _____

                   County, City _____

                   State & Zip Code _____

                   Telephone Number _____


Defendant No. 2    Name _____

                   Street Address _____

                   County, City _____

                   State & Zip Code _____

                   Telephone Number _____


Defendant No. 3    Name _____

                   Street Address _____

                   County, City _____

                   State & Zip Code _____

                   Telephone Number _____


Defendant No. 4    Name _____

                   Street Address _____

                   County, City _____

                   State & Zip Code _____

                   Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

      ☐ Federal Questions            ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right
      is at issue? _____
      _____
      _____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

      Plaintiff(s) state(s) of citizenship _____

      Defendant(s) state(s) of citizenship _____

      _____

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.    Facts: _____

_____

| What happened to you? |

_____
_____
_____

| Who did what? |

_____
_____
_____
_____

| Was anyone else involved? |

_____

| Who else saw what happened? |

_____
_____
_____
_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.


Signature of Plaintiff      _____

Mailing Address             _____

                            _____

                            _____

Telephone Number            _____

Fax Number *(if you have one)*  _____


<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
          must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.


Signature of Plaintiff:      _____

Inmate Number                _____